IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CONTINENTAL WESTERN**     **PLAINTIFF**
**INSURANCE COMPANY**

**V.**     **NO. 4:20-CV-20-DMB-JMV**

**CONCEPT AGRI-TEK, LLC fka**
**CONCEPT AG, LLC, a Missouri limited**
**liability company, et al.**     **DEFENDANTS**

## ORDER

Before the Court is "International Trustee Group, LLC's Motion to Set Aside Entry of Default." Doc. #88.

## I
## Procedural History

On February 15, 2019, Continental Western Insurance Company filed a complaint in the United States District Court for the Western District of Tennessee against Concept Agri-Tek, LLC, formerly known as Concept Ag, LLC; Greg Crigler; David Allen Hall; Thomas Burrell; International Trustee Group, LLC ("ITG"); Tyrone Grayer; Walter Jackson; and Monique Jackson. Doc. #1. Continental seeks a declaratory judgment regarding an insurance policy it issued to Concept Ag—specifically, on the issue of whether it has a duty to defend or indemnify Concept Ag or Crigler against claims in a separate lawsuit filed by Hall, Burrell, ITG, Grayer, and the Jacksons. *Id.* at 3, 35. On September 26, 2019, Continental, Concept Ag, and Crigler filed a joint motion to transfer the case to the Northern District of Mississippi, Doc. #39, and on February 7, 2020, United States District Judge John T. Fowlkes, Jr. granted the motion, Doc. #44.

Following transfer of the case to this district,[1] Continental moved for an entry of default against ITG on July 13, 2020. Doc. #84. The Clerk of Court entered default against ITG two days later. Doc. #85. The next day, July 16, 2020, ITG moved to set aside the entry of default, Doc. #88, and filed an answer to the complaint, Doc. #90. Continental responded to the motion to set aside default the following day. Doc. #91. ITG did not reply. On October 1, 2020, the Court deferred ruling on the motion to allow ITG the opportunity to submit evidence supporting the motion. Doc. #92. Five days later, ITG filed a "Declaration of David Hall" in support of its motion. Doc. #93-1.

## II
## Analysis

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause."[2] "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation marks omitted). "To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). A court may also consider whether "the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). "Defaults are not favored and their strict

---

[1] United States Magistrate Judge Jane M. Virden held a telephonic case management conference on May 15, 2020. Doc. #66. Van Turner was among the attorneys participating in the conference. *Id.*

[2] Rule 55(c) further provides that a court "may set aside a final default judgment under Rule 60(b)." Rule 60(b) authorizes a court to relieve a party from a final judgment for various reasons. While the motion here states that it is brought "pursuant to Federal Rule of Civil Procedure 60(b)," Doc. #88 at 1, it is correctly analyzed under Rule 55(c)'s "good cause" standard since no default judgment has been entered.

enforcement has no place in the Federal Rules." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (internal quotation marks omitted).

### A. Willfulness

As grounds to set aside the default, the motion represents that ITG's counsel Van Turner "was under the impression that he only represented Defendant David Allen Hall" and that the matter against Hall was stayed[3] due to his bankruptcy; that Turner "assumed that counsel for Tyrone Grayer, Thomas Burrell, Walter Jackson and Monique Jackson had also taken up the representation of [ITG] and filed an Answer on its behalf;" and that Turner only learned ITG was unrepresented in this case when the default was entered. Doc. #89 at 1–2. Continental responds that a March 4, 2020, e-mail sent by its counsel to Turner "specifically referred to Mr. Turner's representation of both [ITG] and Mr. Hall in the underlying liability case" and that Turner "responded that he would be following up with Mr. Robinson [counsel for Grayer, Burrell, and the Jacksons]." Doc. #91 at PageID #1027. In his declaration, Hall represents that ITG "unintentionally went unrepresented in this matter" because of its involvement "in multiple legal disputes" in various courts where it has "employed, affiliated with or retained several attorneys" from at least seven different law firms, and that because of conversations between himself, Turner, and Robinson during a conference call, he believed "Turner would continue to assist [him] with matters in bankruptcy … and Attorney[] Paul Robison [sic] would represent the 'Black Farmer' litigants, in particular … ITG in this cause of action." Doc. #93-1 at 1–2.

---

[3] The motion also represents that Turner did not enter an appearance or take any action as a result of Hall's bankruptcy "as well as a pending Motion to Dismiss in the underlying cause of action as outlined in the Motion to Stay Proceedings Pending Defendant's Motion to Dismiss [filed in this case]." Doc. #89 at 1. Because the motion to stay was filed in this case more than a year ago on July 16, 2019, *see* Doc. #35, and appears to never have been adjudicated, the Court does not find it relevant to the issue of whether the default against ITG should be set aside.

3

"A *willful default* is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Koerner*, 910 F.3d at 225 (internal quotation marks omitted); *Dierschke*, 975 F.2d at 184–85 ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion.").

Based on the evidence before the Court, the default appears to have resulted from a misunderstanding by both Hall and Turner about who would be representing ITG in this action. The Court concludes that such a mistake does not amount to intentional, and therefore willful, conduct. *See Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 797 (11th Cir. 2016) ("Citigroup's failure to respond was not willful because it took immediate action and promptly retained counsel as soon as it realized that there had been a misunderstanding regarding its representation …."); *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir. 1987) (facts did not support a finding that failure to appear was willful where defendant forwarded complaint to its insurance company and assumed insurance company filed an answer); *see also Nationwide Mut. Fire Ins. Co. v. Rankin*, 199 F.R.D. 498, 504 (W.D.N.Y. 2001) (defendant's mistaken belief that attorneys provided by insurance company to defend him in criminal action also represented him in an action by the insurance company could not be characterized as willful). Under these circumstances, the first factor weighs in favor of setting aside the default.

### B. Prejudice

Continental does not argue that it would suffer any prejudice if the default against ITG is set aside. And because this case is set to proceed against the other defendants, there is no indication Continental would be prejudiced. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to

4

[the] plaintiff except to require it to prove its case. … All that has been done is to give the defendants their day in court.") (cleaned up). The second factor weighs in favor of setting aside the default.

### C. Existence of Meritorious Defense

The third factor weighs in favor of setting aside a default when the defendant "provide[s] definite factual allegations with supporting record evidence that, if believed at trial, would lead to a result contrary to that achieved by the default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). Because ITG does not reference any factual allegations in its motion or supporting memorandum, much less proffer any evidence which would demonstrate a result contrary to default, the third factor weighs against setting aside the default.

### D. Expeditiousness

ITG acted promptly following the entry of default by filing the motion to set it aside the next day. This factor weighs in favor of setting aside the default.

### E. Balancing

As three factors weigh in favor of setting aside the entry of default and only one factor weighs against it, the Court finds good cause to set aside the default.

### III
### Conclusion

"International Trustee Group, LLC's Motion to Set Aside Entry of Default" [88] is **GRANTED**.

**SO ORDERED**, this 13th day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5